THOMAS J. GORDON, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 93, 2010.
Supreme Court of Delaware.
Submitted: March 18, 2010.
Decided: May 25, 2010.
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice.
This 25th day of May 2010, upon consideration of the appellant's opening brief, the appellee's motion to affirm and the Superior Court record, it appears to the Court that:
(1) The appellant, Thomas J. Gordon, filed this appeal from the Superior Court's denial of his motion for modification of sentence and motion for correction of an illegal sentence. The appellee, State of Delaware, has moved to affirm the Superior Court's judgment.[1]
(2) On April 5, 2007, Gordon pled guilty to Assault in the Second Degree, Distributing Drugs, and Terroristic Threatening. On June 8, 2007, after a presentence investigation, the Superior Court sentenced Gordon to five years at Level V for assault, thirty days at Level V for terroristic threatening, and two years at Level V suspended immediately for distributing drugs.
(3) On November 13, 2009, Gordon filed a motion for modification of sentence. On January 21, 2010, Gordon filed a motion for correction of an illegal sentence. In both motions, Gordon challenged his June 8, 2007 sentencing on the basis that the presentence report was inaccurate. By order dated January 25, 2010, the Superior Court denied Gordon's motions on the basis that the sentence was "fair and appropriate."
(4) It is manifest on the face of Gordon's opening brief that this appeal is without merit. In the Superior Court, both of Gordon's motions were untimely and thus procedurally defaulted.[2] On appeal, Gordon has not substantiated his claims that his sentence was based on a misleading presentence report.[3]
NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] See Del. Super. Ct. Crim. R. 35(a), (b) (providing in pertinent part that a motion for modification of sentence and a motion to correct a sentence imposed in an illegal manner must be filed within ninety days of sentencing).
[3] For one thing, Gordon did not request, and the record does not otherwise include, a transcript of the June 8, 2007 sentencing. Tricoche v. State, 525 A.2d 151, 154 (Del. 1987).